## Case No. 9,640.

### The MINNIE R. CHILDS.

#### [10 Ben. 553.] [1]

District Court, S. D. New York. Oct., 1879.

MARITIME LIEN—DOMESTIC VESSEL—MATERIALS— PRIORITIES.

1. Materials were furnished in the state of New York to a vessel owned in the state, by three parties, F., D. & M. Specifications of lien were filed, as required by the statute of New York, first by F., second by M., and third by D. A few days after D. had filed his specification of lien, he filed a libel against the vessel to enforce his lien and the vessel was seized under the process. F. next filed a libel against her, and lastly M. filed a libel also. The vessel being sold and the proceeds not being sufficient to pay all the claims, the question of priority was brought before the court. *Held*, that the order of the filing of the specifications did not determine the order of the attaching of the liens.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. The rule that claims should be paid in the order of the filing of the libels was too well settled to be disturbed in this district, notwithstanding the authorities elsewhere in favor of a payment pro rata.

In admiralty.

N. A. Halbert, for Delamater.

D. McMahon, for Fairbanks.

R. D. Benedict, for McCurdy.

CHOATE, District Judge. The libellants in these three several suits have furnished supplies and materials to the steamboat Minnie R. Childs, a domestic vessel, and their libels were severally filed to enforce liens therefor under the statute of the state of New York. The first libel filed was that of Delamater, June 26, 1879, the second that of Fairbanks, June 28, 1879, and the third that of McCurdy, July 1, 1879. The processes were issued and attachments of the vessel thereupon were made in the same order of time. The vessel has been sold and the proceeds are not sufficient to pay in full the amounts found due to the several libellants by their decrees, and the question is how the proceeds shall be distributed.

The statute of New York (Act April 24, 1862 [Laws 1862, p. 956]) provides that "whenever a debt amounting to fifty dollars or upwards as to a sea-going or ocean-bound vessel, or amounting to fifteen dollars or upwards, as to any other vessel, shall be contracted by the master, owner, &c., of any ship or vessel or the agent of either of them within this state for either of the following purposes, (enumerating them) such debt shall be a lien upon such ship or vessel, her tackle, apparel and furniture, and shall be preferred to all other liens thereon, except mariners' wages." Section 2d provides that, "such debt shall cease to be a lien at the expiration of six months after the said debt was contracted, unless at the time when said six months shall expire, such ship or vessel shall be absent from the port at which such debt was contracted, in which case the said lien shall continue until the expiration of ten days after such ship or vessel shall next return to said port; and in all cases such debt shall cease to be a lien upon such ship or vessel, whenever such ship or vessel shall leave the port at which such debt was contracted, unless the person having such lien shall within twelve days after such departure cause to be drawn up and filed specifications of such lien," &c. The act directs that these specifications are to be filed in the clerk's office of the county in which the debt was contracted. It also provided machinery for the enforcement of the lien by the issue of a warrant to the sheriff of the county and subsequent proceedings in the state courts resulting in the sale of the vessel. By section 19 it was provided that "upon the distribution of such proceeds the various claims exhibited, which are found to be subsisting liens upon such vessel or the proceeds thereof, according to the provisions of this act, shall, with their respective costs, expenses and allowances, be ordered to be paid out of such proceeds, in the order of the delivery of the respective warrants to the sheriff."

It is insisted on behalf of the libellants Fairbanks and McCurdy that the claims should be paid in the order in which the specifications were filed; that the special provisions of the act relating to the order of distribution are not binding on this court; that they cannot be applied because there are no warrants issued to the sheriff; and that the liens are created by the filing of the specifications and the claims thereby become, in the order in which they are filed, liens against the vessel, each subsequent lienor taking an interest subject to such prior liens as have already attached by virtue of the act. It is further insisted by the libellant McCurdy, that if this is not the proper rule in this case, yet that the rule that has been followed in this district of distributing proceeds among libellants of the same class in the order in which their libels were filed is erroneous and that the true rule is that the proceeds should be distributed pro rata without regard to the time of filing the libels.

In this case the specifications were filed by Fairbanks, June 14, 1879, by McCurdy, June 16, 1879, and by Delamater, June 17, 1879. I see no ground whatever for the claim that the filing of the specification creates the lien, or that it first attaches to the vessel upon such filing. On the contrary, the statute is explicit that the lien exists before the filing of the specification, and upon the contracting of the debt. The filing is made necessary simply to prevent the lien already existing from being discharged. It has been held that the lien given by such a statute is held subject to the limitations contained in the statute as to its duration. The Edith, 94 U. S. 518, 522.

In respect to those parts of the statute which provide a remedy in rem in the state court and direct the distribution of the proceeds with reference to the order in which the warrants issue to the sheriff, it seems to me that they are not to be regarded as limitations upon the duration of the lien or conditions of its enjoyment. They cannot be literally applied, since there are and can be no such warrants issued. It seems to me that they fail altogether, and can have no application since the entire remedial machinery provided has been held to be unconstitutional and void. The Lottawanna, 21 Wall. [88 U. S.] 580. Nevertheless, the liens declared by the statute, with what may properly be regarded as the limitations and conditions attached thereto, remain and are enforceable in this court. It is argued on behalf of the libellant Delamater that the issue of the process of this court is so far analogous to the warrant to the sheriff provided for by the act, that this part of the act is still controlling and applies to the process

of this court under which the vessel is arrested. That provision may have been adopted to conform the remedies of lienors to those of lienors whose claims were enforceable in the admiralty court. Very probably this is so. And yet it seems to me that this is not one of the conditions attached to the lien itself as an essential part of it, but that it has to do with the remedy only. The same section defines the costs to be paid in the same order of priority to be the costs allowed in suits at law by the laws of the state. This is certainly not of the essence of the lien, nor controlling in this court.

It is still insisted on behalf of the libellant McCurdy that the ordinary rule of the admiralty court, which distributes the proceeds in the order in which the libels were filed, ought not to be applied here because the reason on which it rests does not apply. It is argued that the rule is based on the principle that the first libellant has the preference because he takes the first measure to enforce his claim, and that here the filing of the specification is the first act towards enforcing the claim. There seems to be no force in this suggestion, since the filing of a specification is not a measure taken for the enforcing of the lien or claim, but simply to keep it from expiring by lapse of time.

The lien given by the state statute is in effect only a right to have the vessel applied to satisfy the debt, a right similar in its nature to a maritime lien, and must be enforced as such. The rule giving priority to the lienors in the order in which their libels are filed is too well established in this district to be now questioned in this court, notwithstanding the very considerable weight of authority in favor of a different distribution. The Globe [Case No. 5,483]; The Triumph [Id. 14,182]. See The America [Id. 288]; The Fanny [Id. 4,638]. The proceeds should be distributed among the libellants in the order in which their libels were filed.